Filed 4/25/13  P. .v. McAfee CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B242594 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA068902) |
| v. | |
| JEROME MCAFEE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory A. Dohi, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner and Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jerome McAfee appeals from the judgment entered following his no contest plea to two counts of robbery (Pen. Code, § 211) and two counts of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)).[1] We affirm.

On September 8, 2011, Jung Kang and Keith Enstrom were working at a bank in Agoura Hills. Appellant and Quincy Giles entered the bank, and Giles jumped over the counter, pointed a gun at the bank employees, and told them to open their cash drawers and get on the ground. Appellant stayed on the other side of the counter. Kang and Enstrom opened the drawers, and appellant and Giles emptied the money into a bag. Appellant and Giles later were found with a car that matched the description of a car at the scene of the robbery and that contained money with serial numbers matching money taken from the bank.

Appellant and Giles were charged by information with two counts each of second degree robbery and assault with a semiautomatic firearm.[2] The information alleged that appellant had suffered two prior convictions pursuant to section 667.5, subdivision (b); was convicted of two felonies within the meaning of section 1203, subdivision (e)(4); had suffered one prior strike pursuant to the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)); and had suffered one prior conviction of a serious felony pursuant to section 667, subdivision (a)(1). The information also included a gang allegation. (§ 186.22, subd. (b)(1)(C).) Appellant entered not guilty pleas to all four counts.

Appellant made a *Marsden* motion (*People v. Marsden* (1970) 2 Cal.3d 118), explaining to the court that he was not getting information from his attorney and that his attorney was telling him he was not likely to win. The court held a

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     In addition, Giles was charged in count 5 with possession of a firearm by a felon.

hearing and denied the motion, finding no breakdown in the attorney-client relationship and that defense counsel was properly representing appellant.[3]

On March 21, 2012, appellant agreed to enter an open plea, in which he would plead to the charges and allegations, and the court would decide on a sentence. The court indicated that it would impose a term of 18 years. The court warned appellant of the consequences of the plea and advised him of his rights to a jury trial, to confrontation, and against self-incrimination. Appellant waived his rights, withdrew his not guilty pleas, entered no contest pleas to two counts of second degree robbery and two counts of assault with a firearm, and admitted the prior conviction allegations and a gang allegation. The court accepted appellant's plea and sentenced him to the midterm of six years as to count 2, doubled to 12 years pursuant to Three Strikes, plus five years pursuant to section 667, subdivision (a)(1), and one year pursuant to section 667.5, subdivision (b), for a total of 18 years. The court stayed the firearm enhancement and struck the gang allegations and one of the section 667.5, subdivision (b) allegations. As to counts 1 and 3, the court imposed and stayed sentence pursuant to section 654, and as to count 4, the court imposed the same sentence as count 2, to run concurrently.

Appellant filed a notice of appeal challenging the sentence or other matters occurring after the plea and requested a certificate of probable cause to challenge the no contest plea. The court denied the request for a certificate of probable cause. Because appellant failed to obtain a certificate of probable cause, there are only two types of issues he may raise: "issues relating to the validity of a search and seizure, for which an appeal is provided under section 1538.5, subdivision (m),

---

[3]     Any possible claims related to appellant's *Marsden* motion are not cognizable on appeal because the motion was preplea. (§ 1237.5; see *People v. Lovings* (2004) 118 Cal.App.4th 1305, 1312 [finding that the appellant's guilty plea precluded him from raising a preplea *Marsden* claim, despite having obtained a certificate of probable cause].)

and issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed. [Citations.]" (*People v. Buttram* (2003) 30 Cal.4th 773, 780; § 1237.5.)

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441.

On October 26, 2012, we advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied that no arguable issues exist, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

MANELLA, J.            SUZUKAWA, J.

4